# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:03CV146-H

| | |
|---|---|
| **MARKET CHOICE, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **MH/1993/FOODS, INC., d/b/a** ) | |
| **MICHELLE FOODS, INC., and** ) | |
| **MICHELLE FOODS ENTERPRISES,** ) | |
| **INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Show Cause and for Default Judgment, or in the Alternative, Motion to Compel Responses and for Sanctions" (document #24) filed May 20, 2005; and the Defendants' "Response ..." (document #25) filed June 7, 2005. On June 14, 2005, the Plaintiff filed its "Reply ..." (document #26).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant in part and deny in part the Plaintiff's motion, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is an action seeking damages for breach of an alleged contract ("the Agreement") whereby the Plaintiff Market Choice, Inc., located in Mooresville, North Carolina, agreed to serve as National Sales Manager for the Chicago-headquartered Defendants MH/1993/Foods, Inc., d/b/a

Michelle Foods, Inc., and Michelle Foods Enterprises, Inc., from July 1, 2002 through June 30, 2004, in exchange for the payment of sales commissions.

Relevant to the pending motion, on November 13, 2003, the Plaintiff filed its initial Complaint.

On December 8, 2003, the Plaintiff filed an Amended Complaint and also served its "First Request for Production of Documents," which sought, among other things, production of all documentation of the Defendants' gross and net sales from 1995 through 2004, any and all documents relating to the Defendants' corporate structure, including their Articles of Incorporation, and all documentation of communications between the Plaintiff and Defendants, including contracts, faxes, letters, e-mail, and audio and/or video recordings of oral communications between them.

The Plaintiff alleges that on December 17, 2003, its counsel, Robert C. Dortch, Jr., and the Defendants' then-counsel met and that, among other things, the Defendants agreed to produce certain financial information that purportedly would address the magnitude of the Plaintiff's potential damages. Subsequently, however, the Defendants produced only two pages of information, apparently a summary of the Defendants' sales during the relevant period.

On February 5, 2004, with the agreement of the parties, the undersigned entered a "Protective Order."

On August 3, 2004, counsel for the parties filed their "Certification and Report of Initial Attorneys' Conference."

On October 8, 2004, the Defendants' former counsel was permitted to withdraw from the case. See "Order" (document #16).

On October 21, 2004, the undersigned conducted the Initial Pretrial Conference ("IPC") with

counsel in chambers. The Defendants' present counsel, Freddie L. Woods, Jr., attended the IPC and entered an appearance on behalf of the Defendants. During the conference, the Court instructed the parties to complete preliminary matters, including responding to outstanding discovery requests, in a timely fashion.

On December 3, 2004, the Plaintiff served its "First Set of Interrogatories" on the Defendant. At the same time, the Plaintiff also requested by letter that the Defendants identify "two or three blocks of dates" for the Plaintiff to depose the Defendants' President, Michelle Hoskins, and two non-party witnesses.

Receiving no response from Mr. Woods, on January 7, 2005, Plaintiff's counsel wrote again, this time requesting responses to the outstanding Requests to Produce and Interrogatories and seeking dates for depositions.

On February 3, 2005, having heard nothing from the Defendants, the Plaintiff filed its "Motion to Strike Defendant's Answer and Enter Judgment, or in the Alternative, to Compel Responses to its First Request for Production of Documents and First Set of Interrogatories and for Sanctions," that is, costs and attorneys' fees incurred in preparing and filing that motion. The Plaintiff also sought the further sanction that Ms. Hoskins be required to give her deposition in Charlotte, North Carolina, rather than in Chicago, on a date mutually convenient to the parties.

As noted above, the Defendants never responded to the Plaintiff's initial motion.

On March 8, 2005, the Court <u>granted in part</u> and <u>denied in part</u> the Plaintiff's motion, that is, after examining the subject discovery requests, the undersigned concluded that "Plaintiff clearly is entitled to ... complete responses to its written discovery requests" and the Defendants were ordered "on or before April 15, 2005 ... [to] serve complete responses to the Plaintiff's 'First Request

for Production of Documents' and 'First Set of Interrogatories.'"  "Memorandum and Order" at 5 (document #23).  The Court also warned the Defendants:

> that any failure to respond to the Plaintiff's Requests to Produce and Interrogatories as ordered ... to fail to respond to any other of the Plaintiff's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions. **Sanctions can include the Defendants being required to pay the Plaintiff's costs, including an award of reasonable attorney's fees against the Defendants and/or their counsel, and may also include entry of judgment on the Plaintiff's claims.**

Id. (emphasis in the original).

On April 14, 2005, the Defendants served their purported responses to the outstanding discovery.  However, as the Plaintiff points out in its present motion and briefs, the Defendants' responses were deficient in several ways.  Most significantly, the Defendants belatedly interposed objections to some of the Plaintiff's discovery requests on grounds of their allegedly being "overly broad, unduly burdensome ... [or not] relevant," and relying on those objections, unilaterally confined their production of documents to purchase orders and tax returns from 2002 and 2003, rather than producing all requested sales-related documents, for example, invoices and profit and loss statements, from 1995 through 2004, and refused to produce documentation of correspondence between the parties or of the Defendants' corporate structure.  Additionally, the Defendants failed to enclose a verification signed under oath by Ms. Hoskins or some other authorized person.

On May 9, 2005, Mr. Dortch wrote Mr. Woods, addressing the above-noted deficiencies in the Defendants' production and stating that if supplemental responses were not served promptly, the Plaintiff would renew its motion with the Court.

On May 20, 2005, the Plaintiff filed its "Motion to Show Cause and for Default Judgment, or in the Alternative, Motion to Compel Responses and for Sanctions," in which it re-states its earlier

requests for relief, that is, the Plaintiff asks the Court to enter a default judgment in its favor in the amount of $950,000, plus attorneys' fees, or in the alternative, to again compel the Defendants to serve complete responses to the Plaintiff's "First Request for Production of Documents" and "First Set of Interrogatories," to require the Defendants to pay the Plaintiff's attorneys' fees that were incurred in the preparation and prosecution of this motion, and to order Ms. Hoskins to appear for her deposition in Charlotte, North Carolina.

As it did in its brief supporting its previous motion, the Plaintiff credibly alleges, among other things, that the Defendants' sales data from 1995 through 2004 is necessary to determine whether, as the Plaintiff alleges in its Amended Complaint, the Defendants' sales increased dramatically in 2002-2004 as a result of the Plaintiff's efforts. However, the Plaintiff also acknowledges that until the Defendants make complete responses to the outstanding discovery, it is unable to calculate its actual damages. Lastly, the Plaintiff represents that Mr. Dortch is prepared to submit an affidavit establishing the amount of attorneys' fees and costs that it has incurred in relation to the subject motion.

In their response brief, the Defendants repeat the above-noted generalized objections to the outstanding discovery requests and contend that the documents they have already produce establish that the Plaintiff developed, at most, two new accounts for the Defendants and that the commissions to which Plaintiff is entitled, if any, are considerably less than the amount that the Plaintiff seeks in its present motion.

Additionally, by way of explaining the Defendants' failure to respond sooner, Mr. Woods represents that he intended to deliver the Defendants' discovery responses to Mr. Dortch personally at his office in Charlotte on February 22, 2005, but that Mr. Woods missed his flight from Chicago

due to an automobile accident and ensuing traffic jam while he was driving to the airport. However, in the Plaintiff's Reply, Mr. Dortch credibly responds that Mr. Woods never communicated his intentions to meet with him on February 22, and that, in fact, Mr. Dortch was in court in the morning and attending out-of-town depositions during the afternoon of February 22, 2005.

Moreover, nowhere do the Defendants state sufficient justification for their failure initially to respond timely to the Plaintiff's discovery requests, or their failure subsequently to respond to the Plaintiff's February 3, 2005 "Motion to Strike Defendant's Answer and Enter Judgment, or in the Alternative, to Compel Responses ... and for Sanctions," discussed above. Finally, Mr. Woods admits that in the intervening 10 days between his receipt of Mr. Dortch's May 9, 2005 letter and the filing of the subject motion, he not only failed to respond to the letter, but also never brought the matter to the attention of his clients, a failing that, like the others discussed above, he essentially attributes to his busy schedule.

The Plaintiff's motion has been fully briefed as set forth above, and is, therefore, ripe for determination.

## II. DISCUSSION

**A. Discovery and Motions to Compel**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Although a party responding to discovery may raise an objection to a discovery request, the objection is waived if it is not made at the time that the responding party's initial responses are due. Accord Drexel Heritage Furnishings, Inc., v. Furniture USA, Inc., 200 F.R.D. 255, 258 (M.D.N.C. 2001) (waiver applies even to objection that subject information is otherwise privileged confidential trade secret); and Jayne H. Lee, Inc., v. Flagstaff Industries Corp., 173 F.R.D. 651, 657 n. 16 (D. Md. 1997). Moreover, assuming the Defendants had raised timely their objections as to undue breadth or burden or lack of "relevance," as the Court has concluded previously, the Plaintiff is entitled to complete responses to its discovery requests because they are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.(b)(1).

Additionally, a variety of sanctions are available under Rule 37 for a party's failure to obey rules governing discovery and orders of the district court, including imposing costs and attorneys' fees, striking pleadings, and/or entering judgment against the offending party. See Fed. R. Civ. P.

37(b); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977). Prior to imposition of such sanctions, however, the Fourth Circuit has emphasized the necessity of both establishing a history of dilatory action and warning the offending party of what may follow. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

In Mutual Federal, the Fourth Circuit restated the four factors a district court should consider in deciding whether to impose the sanctions of dismissal or entry of judgment. These factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id., 872 F.2d at 92, citing Wilson, 561 F.2d at 503-04.

Applying these legal principles to the facts in this case, and particularly, as discussed above and below, because it appears that a significant portion of the responsibility for the Defendants' failure to make proper responses lies at Mr. Woods' feet, the imposition of the most severe sanction – entry of a default judgment against the Defendants – is not yet appropriate. Moreover, where the Plaintiff admits that it cannot calculate its actual damages, the entry of a $950,000 default judgement is not warranted until lesser sanctions have been imposed and proven unsuccessful.

Rather, in order to facilitate the Plaintiff receiving the documents and other information necessary to calculate its alleged damages, the Defendant will be ordered to serve promptly complete verified supplemental responses to the Plaintiff's "First Request for Production of

8

Documents" and "First Set of Interrogatories."   In the event the Defendants search diligently and determine that they do not possess a document or information responsive to a particular discovery request, they must certify the same under oath in their supplemental responses, but, otherwise, they shall respond fully to each of the Plaintiff's discovery requests without exception.   The Defendants are advised, moreover, that pursuant to this Order, the Federal Rules of Civil Procedure, and the Local Rules, they will be under a continuing duty to produce any responsive documents or information that thereafter is created or otherwise comes into their or their counsel's control or possession.

Further, in order to deter any further noncompliance, that is, in order to convince the Defendants and their counsel of the seriousness of their failure to and the imminence of further, more drastic sanctions if they do not promptly make complete discovery responses, the Court will require both the Defendants and Mr. Woods to share in reimbursing the Plaintiff for the attorneys' fees it incurred in the preparation and prosecution of this motion, as ordered below.

Moreover, for these same reasons and also recognizing that but for the Defendants' and/or Mr. Woods' failure to respond promptly to the Plaintiff's discovery requests, Ms. Hoskins' deposition would have been concluded months ago, the Plaintiff will be permitted to depose Ms. Hoskins in Charlotte, North Carolina, as ordered below.

Finally, the Court repeats its earlier warning to both the Defendants and Mr. Woods that any failure to respond to the Plaintiff's Requests to Produce and Interrogatories, to appear for Ms. Hoskins' deposition, or to pay the Plaintiff's attorneys' fees related to the subject motion, each ordered below, or to respond to any other of the Plaintiff's reasonable discovery requests or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil

Procedure <u>will</u> result in the imposition of further, more severe sanctions. **Sanctions can include <u>the Defendants and/or their counsel</u> being required to pay the Plaintiff's costs, including an award of reasonable attorney's fees, and may also include entry of judgment on the Plaintiff's claims.**

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Plaintiff's Motion to Show Cause and for Default Judgment, or in the Alternative, Motion to Compel Responses and for Sanctions" (document #24) is **GRANTED IN PART** and **DENIED IN PART**, that is:

a. <u>On or before July 31, 2005, the Defendants shall serve complete verified supplemental responses to the Plaintiff's "First Request for Production of Documents" and "First Set of Interrogatories."</u> **The Defendants are advised that no further extensions will be granted for serving the subject responses, and responses served after July 31, 2005 will not be considered by the Court.**

b. Plaintiff's counsel shall promptly serve on counsel for the Defendant, Freddie L. Woods, Jr., an Affidavit setting forth the attorneys' fees, including a breakdown of the time (whether expended by Mr. Dortch and/or members of his firm) and the hourly rate(s) that were (or would be) billed to the Plaintiff, as well as other costs that the Plaintiff has incurred, concerning the subject motion, and <u>Mr. Woods shall promptly serve copies of both the Affidavit and this Memorandum and Order on the Defendants</u>.

c. <u>Within 30 days of Mr. Woods' receipt of said Affidavit, Mr. Woods and the Defendants</u>

10

shall remit directly to Plaintiff's counsel the full amount of the Plaintiff's attorneys's fees and costs as stated in the Affidavit.  **Mr. Woods shall pay from his personal funds one-half (1/2) of those attorneys' fees and costs and will not seek reimbursement from the Defendants for that portion of the attorneys' fees and costs**.

  d.  <u>At a date and time mutually convenient to the parties but no later than August 31, 2005, and at a location in Charlotte, North Carolina designated by the Plaintiff, Michelle Hoskins shall appear for her deposition.  Mr. Woods shall bear the cost of his travel to and from Charlotte out of his personal funds, that is, as with his portion of the attorneys' fees and costs, awarded above, he will not seek reimbursement from the Defendants for that expense.</u>

  e. Provided, however, the "Plaintiff's Motion ... for Default Judgment" is <u>denied</u> at this time, although without prejudice to renew it should Mr. Woods and/or the Defendants continue this above described nonfeasance or otherwise violate the terms of this Memorandum and Order.

  2.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

  **SO ORDERED, ADJUDGED, AND DECREED.**

**Signed: June 27, 2005**

*Carl Horn, III*
---

Carl Horn, III
United States Magistrate Judge