**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL NO. 5:03CV146-H**

| | | |
|---|---|---|
| **MARKET CHOICE, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **MH/1993/FOODS, INC., d/b/a** | ) | |
| **MICHELLE FOODS, INC., and** | ) | |
| **MICHELLE FOODS ENTERPRISES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on defense counsel Freddie L. Woods, Jr.'s "Motion to Formally Withdraw and in the Alternative For Recusal [of the undersigned Magistrate Judge]" (document #44) filed February 1, 2006.

By letter dated October 7, 2005, the Defendants' principal, Michelle Hoskins, informed the Court that she had terminated Mr. Woods' services and that she intended to retain substitute counsel. Accordingly, Mr. Woods' Motion to Withdraw from formal representation of the Defendants will be granted. Provided, however, Mr. Woods is not released from his obligations, as has been previously ordered, to pay attorney's fees and to appear in person at the Show Cause Hearing scheduled for February 6, 2006.

Moreover, even though he has been allowed to withdraw as defense counsel of record, because Mr. Woods is still required to attend the Show Cause Hearing and otherwise will be held accountable for his failure to comply with the Court's Orders concerning discovery and payment of

attorneys' fees, the Court has considered his request for alternative relief.

Mr. Woods contends that the undersigned's direction to the Clerk of Court to send copies of two recent "Memorand[a] and Order[s]," (documents ##34 and 37)[1] to the Illinois Attorney Registration and Disciplinary Commission ("the Commission") "creates either an actual impartiality [sic], or at a minimum, the appearance of impartiality [sic]," document #44 at 1, mandating the undersigned's recusal. In sum, because in Mr. Woods' estimation, it is possible that the Court could become "the Complainant" in whatever proceeding the Commission may bring against him, the undersigned should not also resolve the matters pending against Mr. Woods in this case.[2]

To the contrary, the undersigned does not intend to become the Complainant in any action that the Illinois Bar may bring against Mr. Woods, but will address Mr. Woods' ongoing failure to obey the Court's Orders at the Show Cause Hearing and any necessary, subsequent proceedings in this forum.

Rather, the Court copied the Commission with the recent Memoranda and Orders, which, among other things, recounted Mr. Woods' malfeasance in this case, so that the Commission could determine independently whether any action was required by them vis a vis Mr. Woods. Other than

---

[1] In the "Memorandum and Order" (document #34), entered November 28, 2005, the Court granted the Plaintiff's Motion for Default Judgment as to liability, set for February 6, 2006 both a jury trial as to damages and a Show Cause Hearing concerning Mr. Woods' and the Defendants' failure to comply with an earlier Order to pay attorneys' fees, and ordered Mr. Woods and the Defendants to pay a then-undetermined additional amount of attorneys' fees. In the "Memorandum and Order" (document #37), entered January 5, 2006, after receiving notice from the Plaintiff that the Defendants had, in fact, paid their share of the first attorneys' fees award prior to the entry of the November 28, 2005 Memorandum and Order, the Court set aside the second attorney fee award as to both the Defendants and Mr. Woods, ordered Mr. Woods to appear for the Show Cause Hearing related to his ongoing failure to pay his share of the initial attorneys' fee award, and ordered Ms. Hoskins to appear both for the Show Cause Hearing concerning the Defendants' continued failure to produce discovery responses and for the jury trial as to damages.

[2] Mr. Woods' Motion also contains a recitation of his version of events from the inception of this lawsuit, that is, a litany of how his and the Defendants' actions allegedly have been misperceived by the Court and/or how the Defendants' failures have wrongly been attributed to him. See Document #44 at 2-8, and 11-14.

directing the Clerk to send copies of those documents and receiving a letter acknowledging the first Memorandum and Order, the Court has had no communication with the Commission. Accordingly, Mr. Woods' Motion that the undersigned recuse himself is <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Freddie L. Woods, Jr.'s "Motion to Formally Withdraw and in the Alternative For Recusal" (document #44) is **GRANTED IN PART** and **DENIED IN PART**, that is, Mr. Woods is permitted to withdraw from representation of the Defendants in this matter, and the Motion is **DENIED** in all other respects.

2. The Court's previous Orders that Mr. Woods and Ms. Hoskins personally appear at the Show Cause Hearing on Monday, February 6, 2006 at 9:30 a.m. in Courtroom Number One of the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina, remain in full force and effect.

3. Concerning Mr. Woods, the Court reiterates and again **ORDERS** that he shall be personally present at the Show Cause Hearing to show cause why he should not be held in contempt of Court for failing to pay attorneys' fees as ordered in the "Memorandum and Order" entered August 16, 2005 (documents #31) and for otherwise failing to conduct himself in this proceeding in a competent and professional manner. Mr. Woods is required to be present even in the event that he pays in full the remaining outstanding attorneys' fees ($2,682) in the interim, or if he believes that the underlying discovery conflict has been resolved. Mr. Woods is additionally ordered to attend the hearing fully prepared and able to pay both the outstanding attorneys' fees, if they have not been paid in the interim, as well as any other monetary sanctions that the Court may impose at the conclusion of the hearing, should the undersigned conclude that the evidence of malfeasance is sufficiently clear

to rule at that time.

3. The Clerk is directed to send copies of this Memorandum and Order to Mr. Woods; to counsel for the Plaintiff, as well as to the following:

Ms. Michelle Hoskins
1600 West 167th Street, Suite 20
Calumet City, Illinois 60409

Ms. Mary T. Robinson, Administrator
Attorney Registration and Disciplinary Commission
One Prudential Plaza
130 East Randolph Drive, Ste. 1500
Chicago, Illinois 60601-6219

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: February 2, 2006

Carl Horn, III
United States Magistrate Judge